## LOVERING v. UNITED STATES.
### No. 1884.

District Court, D. Massachusetts.

March 11, 1943.

W. A. Barrows (of Palmer, Dodge, Wilkins & Davis), of Boston, Mass., for plaintiff.

George F. Garrity, Asst. U. S. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, and Fred J. Neuland, Sp. Assts. to the Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

This is a decision on a motion for summary judgment. The facts are not in dispute, and this decision is based upon a conclusion whether this taxpayer is a "related taxpayer" within the meaning of Section 3801 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3801.

The plaintiff is the sole beneficiary of a trust established under the will of Frederick R. Sears. The res of the trust consists entirely of shares in a Massachusetts trust called the F. R. Sears Real Estate Trust, hereinafter referred to as the Trust. In reporting her income for the years 1935 and 1936, the plaintiff treated the Trust as a pure trust, and reported her income accordingly. It was later determined by this court that the Trust was not a pure trust, but was a business association, and, under Section 1001 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 3797, taxable as a corporation (Sears v. Hassett, D.C., 31 F.Supp. 179). This decision was affirmed by the Circuit Court of Appeals for the First Circuit in 111 F.2d 961, 964. As a result of this determination, it became apparent that this taxpayer, in treating the Trust as a pure trust, had overpaid her taxes for the years 1935 and 1936. However, by the time that this question was finally decided, the period of limitation provided in Section 322 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 322, had expired. She then filed a claim for refund of the overpayments claiming to be a "related taxpayer" within the meaning of Section 3801 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3801. The Commissioner has disallowed the claim, and she now presents it to this court for decision.

**2**

Section 3801, 26 U.S.C.A. Int.Rev.Code, § 3801, is too long to quote in this decision, but the important part of it is 3801(a) (3) which reads as follows: "Related taxpayer. The term 'related taxpayer' means a taxpayer who, with the taxpayer with respect to whom a determination specified in subsection (b) (1), (2), (3), or (4) is made, stood, in the taxable year with respect to which the erroneous inclusion, exclusion, omission, allowance, or disallowance therein referred to was made, in one of the following relationships: (A) husband and wife; (B) grantor and fiduciary; (C) grantor and beneficiary; (D) fiduciary and beneficiary, legatee, or heir; (E) decedent and decedent's estate; (F) partner."

Section 3801 generally provides an equitable solution for certain classes of income tax problems which had, prior to the passage of this section, caused great hardship to the taxpayers. Its effect was to suspend the statute of limitations in cases where a hardship would be worked on a taxpayer because of a technical misunderstanding, but was limited to "related taxpayers". In the instant case the taxpayer, reporting as though the Trust were of the traditional type not associated with the conduct of business, paid more taxes for the years involved than she would have been called upon to pay had the court's determination of the status of the Trust been made before she filed her return. There is no question that she overpaid the tax. The only question for this court to decide is whether or not she is a "related taxpayer" to the F. R. Sears Real Estate Trust so as to bring her within the provisions of Section 3801. It seems rather clear to this court that she is a "related taxpayer" in the sense that she is, under subsection (D), in a fiduciary-beneficiary relationship with the Trust.

The Government's contention seems to be that, since the F. R. Sears Real Estate Trust is taxable as a corporation under the decisions of this court, the beneficiary of the Trust should be treated as a shareholder of a corporation, and that Section 3801 does not apply to the relationship of corporation and shareholder. I can find no case which has decided this question either way. Were it not for the provisions of the Internal Revenue Code which tax business associations as corporations, no one could contend that the fiduciary-beneficiary relationship did not exist

here. The effect of the Congressional action has been to make this trust taxable as a corporation, but the action of Congress in so taxing the fiduciary does not change the nature of the relationship between it and the beneficiary. Because Congress treats a trust as a corporation for the purpose of taxation, it does not follow that the trust actually becomes a corporation. The relationship between the fiduciary and beneficiary remains the same, but the effect of the Congressional action is the same as though it taxed business trusts directly as such. We must consider the words in Section 3801 as having been used in their ordinary sense and meaning. Because Section 3801 excludes the relationship between a corporation and shareholders, it does not follow that every analogous relationship is excluded. Indeed, Congress has granted the right to sue to every fiduciary and beneficiary relationship. That is the plain meaning of the statute.

On the foregoing I conclude and rule that the plaintiff is a "related taxpayer" within the meaning of Section 3801 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 3801.

The plaintiff's motion for summary judgment is therefore allowed.