**BARRET et ux. v. UNITED STATES.**
**Civ. No. 3269.**

United States District Court
W. D. Louisiana, Shreveport Division.
April 8, 1952.

defendant from asserting this defense. See Lovering v. U. S., D.C., 49 F.Supp. 1.

No useful purpose could be served by an extended quotation from or discussion of the effect and meaning of the provisions of law thus involved, as thus done in the cited case.

The plea of limitations is accordingly overruled, and the plaintiffs should recover the amount now claimed.

Cook, Clark & Egan, Shreveport, La., for plaintiffs.

William J. Fleniken, Acting U. S. Atty., Shreveport, La., for defendant.

### DAWKINS, Chief Judge.

The remaining issue in this case is whether the plea of limitations or prescription should be sustained to that part of the claim for refund originally asserted by the wife of the plaintiff. After this suit was filed, the plaintiff's husband discovered that as a matter of law the claim of a credit on the income tax of the wife for one-half of the casualty damage involved could not be supported, for the reason that the property itself belonged to the husband by inheritance and the claim therefor did not fall into the matrimonial community. The entire claim had been disallowed, including that made by the wife, and for this reason she was joined as a plaintiff. After discovering the true legal situation that the entire property belonged to him, for the reason stated, the husband filed an amended claim for the entire amount and also reduced it to come within the maximum amount for which suit could be maintained under the Tucker Act, 28 U.S.C.A. § 1346. It is with respect to the part claimed by the wife originally that the Government has pleaded prescription. It relies upon Section 322(b) (1), Title 26 U.S.C., fixing the time within which refunds may be claimed. However, Section 3801 of the same Title would appear to preclude the