**Evert L. HAGAN, Administrator of the Estate of J. A. Hagan, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14957.**

United States Court of Appeals
Ninth Circuit.

Nov. 13, 1956.

Rehearing Denied Dec. 3, 1956.

Evert L. Hagan, in pro. per., Jesse A. Hamilton, Los Angeles, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Helen A. Buckley, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Bruce I. Hochman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BONE, ORR and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

The administrator of the estate of a deceased taxpayer appeals from a judgment dismissing his action for the recovery of income taxes alleged to have been overpaid. The judgment was entered after the filing of the first amended complaint. The single question presented here is whether, under the facts alleged in the complaint, appellant's claims for refund were timely filed.[1]

According to the complaint, decedent taxpayer, J. A. Hagan, and his brother, Evert L. Hagan, had been partners in 1945 and 1946, doing business as the El Rey Cheese Company. On March 15, 1946, decedent made an income tax return for the calendar year 1945, indicating a tax of $592.04 due on net income from the business, which amount was remitted with the return. A like return was made on March 15, 1947, for the calendar year 1946, the income tax then remitted being $3,181.95.

On January 9, 1950, the Commissioner of Internal Revenue filed notices of jeopardy delinquent tax assessments against Evert L. Hagan, personally, for the years 1945 and 1946, based upon the asserted net income of the El Rey Cheese Company. Evert filed a petition in the United States Tax Court for a redetermination of his tax liability for those years. A reaudit of the books of the El Rey Cheese Company for those years, which was then made, disclosed that there was no actual net income from that business.

The reaudit was checked by an agent of the Internal Revenue Service. Thereafter, a stipulation was entered in Evert's proceeding before the United States Tax Court, to the effect that there was no tax liability upon Evert for the years 1945 and 1946, on account of the net income arising out of the operation of the El Rey Cheese Company. This stipulation was adopted by the United States Tax Court in entering its decision of January 19, 1953. The decision ordered and decided: "That there are no deficiencies in income taxes or penalties due from, or overpayment due to, petitioner for the taxable years 1945 and 1946."

In the meantime, Evert, as administrator of the estate of J. A. Hagan, filed claims with the Collector of Internal Revenue for the refund of income taxes paid by J. A. Hagan for 1945 and 1946 on net income from the business. These claims, filed on September 6, 1952, were grounded upon the same reaudit which the Internal Revenue Service and the United States Tax Court apparently accepted as the basis for the stipulation and decision mentioned above.

1. The due filing of a claim for refund is a prerequisite to the maintenance of such an action. Section 7422(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 7422(a).

On December 10, 1953, appellant, as administrator, wrote to the audit division of the Los Angeles office of the Internal Revenue Service, calling attention to the stipulation, and to the tax court decision of January 19, 1953. He there stated: "My brother's liability as associate or partner [in the cheese business] could be no greater than mine. Therefore if I owed nothing then he overpaid."

Conferences and correspondence followed. The Internal Revenue Service took the position that the claims for refund had not been timely filed. On May 17, 1954, appellant for the first time expressly asserted, in writing, that the bar of the statute of limitations had been removed by the effect of § 3801, Internal Revenue Code of 1939, 26 U.S.C.A. § 3801. This view being rejected, appellant brought the instant action on February 15, 1955.

Under the Internal Revenue Code of 1939, which is applicable here, a claim for refund must be filed within three years from the time the return was filed, or within two years from the time the tax was paid.[2] The claims for refund filed on September 6, 1952, with respect to returns filed and taxes paid on March 15, 1946, and March 15, 1947, were therefore barred by this statute of limitations.

Appellant argues, however, that the alleged circumstances are such that § 3801 of the Internal Revenue Code of 1939, removing the bar of this statute of limitations in certain cases, should be given effect.[3]

Under § 3801, the bar of the statute of limitations is removed if it appears that: (1) A "determination" has been made; (2) such determination concerns the tax liability of a "related" taxpayer; (3) this determination adopts one of the seven circumstances of adjustment described in subsection (b); and (4) except where the determination adopts a circumstance of adjustment described in paragraphs (6) and (7) of subsection (b), such determination adopts a position maintained by the Commissioner of Internal Revenue which is inconsistent with the tax treatment the complaining taxpayer has received.

We may assume, for present purposes, that the decision of the United States Tax Court in Evert L. Hagan's case is a "determination," and that Evert and J. A. Hagan are "related" taxpayers, within the meaning of § 3801. This fulfills the first two requirements of § 3801, as enumerated above.

We must next consider whether, under the facts pleaded, one of the seven circumstances of adjustment, as described in subsection (b), is present in this case. It is not denied that the only one of the seven circumstances of adjustment described in subsection (b) which is here pertinent is that which is described in paragraph (1) thereof. This circumstance is that the determination under the income tax laws "requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer * * *."

Under the facts of this case, this statutory "circumstance" would not exist unless the determination of the tax court required the inclusion, in the gross income of Evert L. Hagan, of an item which was erroneously included in the gross income of J. A. Hagan for the same taxable year.

It appears from the complaint that the tax court determination with respect to Evert's tax liability did not require

**2.** Section 322(b), Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C.1939) § 322(b).

**3.** While § 3801, if applicable, removes the bar of this statute of limitations, it, in effect, establishes a new one-year statute of limitations running from the date of the "determination" referred to in that section. See 26 U.S.C.A. (I.R.C.1939) § 3801(c). Appellee argues that appellant did not effectively act within this new one-year period, but we find it unnecessary to explore this contention.

the inclusion in Evert's gross income of an item which was erroneously included in the gross income of J. A. Hagan. The tax court decision, quoted in full above, does not require the inclusion of any item in the gross income of Evert. Quite to the contrary, it is there stated that there are no deficiencies in income taxes due from Evert for the years in question.

It follows that, under the facts alleged, appellant has failed to bring his case within § 3801. The bar of the statute of limitations governing the filing of refund claims therefore applies. It was accordingly correct to dismiss the action.

Affirmed.