Carl TAXERAAS and Irene Taxeraas,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 5625.

United States District Court
D. Minnesota,
Fourth Division.

June 9, 1958.

---

Robert Vaaler (of Day, Stokes, Vaaler & Gillig), Grand Forks, N. D., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., and James P. Garland and Peter K. Maier, Attorneys, Department of Justice, Washington, D. C., and George E. MacKinnon, U. S. Atty., and Hyam Segell, Asst. U. S. Atty., St. Paul, Minn., for the United States.

NORDBYE, Chief Judge.

This is a suit for the refund of income taxes in the amount of $10,336.81. Plaintiffs have filed a motion for summary judgment. Defendant also has filed a cross motion for summary judgment. There being no dispute as to the essential facts, it necessarily follows that a summary judgment should be entered in favor of one of the litigants.

It appears that during the years 1947, 1948 and 1949, one O. E. Taxeraas, was doing business in the City of Thief River Falls, Minnesota, under the name of Taxeraas Implement Company; that Carl Taxeraas, one of the plaintiffs in this action, is the son of O. E. Taxeraas; and that during the years referred to he was associated with his father in the farm implement and automobile business conducted under the name of Taxeraas Implement Company. During the taxable years of 1947, 1948 and 1949, O. E. Taxeraas made no contention that any partnership existed between him and his son, and he filed his tax returns on the basis that all of the income of the Implement Company was taxable to him. Carl Taxeraas filed his income tax return during the years in question indicating that he was working on a salary in the implement business for his father.

After the income tax returns had been filed by the father and son for the years referred to, the Internal Revenue Service caused the books of the Implement Company to be audited, and it is contended, and apparently conceded, that such audit disclosed that there has been substantial omissions of income from the tax returns filed by O. E. Taxeraas. The Internal Revenue Service indicated that a substantial deficiency would be entered against O. E. Taxeraas based upon the inclusion of the additional income from the business and by reason of an inventory adjustment. Moreover, a fraud penalty of 50 per cent of the total income omitted also was proposed. On or about October 30, 1951, when the deficiency was brought to the attention of O. E. Taxeraas, the latter for the first time made the contention that his son, Carl, was an equal partner in the business, and this relationship was substantiated by the representations of his son. However, no partnership returns had ever been filed by the Implement Company and no partnership division of the business income ever had been made. These contentions on the part of O. E. Taxeraas and Carl Taxeraas led to an assessment against Carl on the basis of his alleged partnership, together with a 50 per cent fraud penalty. Apparently

after the assessment against Carl was indicated, there were negotiations between the taxpayers and the Revenue Service, and these negotiations resulted in the compromise of the dispute between the parties. The compromise was substantially on the basis that a partnership relationship between O. E. and Carl Taxeraas should be recognized on a 65–35 per cent interest respectively, and the taxpayers in addition agreed to the payment of the fraud penalties which previously had been asserted by the Commissioner. The compromise settlement was consummated by the execution of Form 870, which sets forth in detail the additional income tax, interest and penalties to which the parties had agreed. Form 870 was signed by all parties, and in this agreement the taxpayers agreed not to file or prosecute any claim for refund of the amounts, including fraud penalties, to which they had agreed for assessment and collection for any of the years 1947, 1948 and 1949. After the execution of Form 870, the tax and the penalty deficiency which had been agreed upon by the parties and the Commissioner were collected from O. E. and Carl Taxeraas. The last payment was made on December 14, 1953.

The taxpayers, however, apparently were not satisfied with the settlement which they had made with the Commissioner for on December 24, 1953, and February 1, 1954, each taxpayer filed a claim for refund of the fraud penalties which had been paid by them. The Commissioner disallowed the claims on February 14, 1954, upon the grounds that they had been filed in violation of the waiver contained in the agreement in Form 870. After the claims for refund had been denied, Carl Taxeraas and Irene Taxeraas, his wife, and O. E. Taxeraas and Minnie Taxeraas, his wife, on July 28, 1954, filed suits to recover the 50 per cent fraud penalties collected from them in the years in question. The Government, among other defenses, asserted that plaintiffs were estopped from bringing the actions because of

the execution of the waivers in the Form 870. The question of the right of the taxpayers to bring these suits for the 50 per cent fraud penalties after the execution of Form 870 was presented to the Court and it held that the taxpayers, notwithstanding the execution of the agreement, were not precluded from bringing the suits to recover the fraud penalties. In the suit brought by O. E. Taxeraas, the Government, in addition to other defenses, asserted the claim that there was no valid partnership between O. E. and Carl Taxeraas during the years in question, and therefore O. E. Taxeraas had underpaid his taxes for those years. The statute of limitations, however, barred any recovery by the Government. The Court upheld this defense to the extent that, if a partnership did not exist and thereby additional taxes were due, such amounts could be proven as a set-off against any recovery of the fraud penalties which had been paid by Ole Taxeraas.

The cases were tried in June, 1955, and the jury found by special verdict that the plaintiffs were not guilty of any fraudulent understatement of their income for the years in question, and secondly, that the father and son were not partners in the Taxeraas Implement Company during the said years. As the result of the jury's verdict, Carl Taxeraas recovered some $4,183.19, plus interest, which sum represented the fraud penalties assessed against him. In the O. E. Taxeraas suit, on the findings of the jury, the Court found that he had overpaid some $8,832.25 in taxes by way of fraud penalties and interest, but that that amount should be wholly offset by the amount of $16,955.59 in unpaid deficiencies in his income tax for the years in question. The deficiency was based on the jury's finding that no partnership existed between the father and son. The difference between the overpayment of fraud penalties of $8,832.25 and the underpayment of $16,955.59, which totals $8,123.34, was never collected by the Government because of the barring thereof by the statute of limitations.

Subsequent to the trial, Carl Taxeraas moved to amend his pleadings so as to assert the provisions of Section 3801 of the Internal Revenue Code of 1939, 26 U.S.C. § 3801, which now is Section 1311 of the Internal Revenue Code of 1954, 26 U.S.C. § 1311. By this amendment, he sought to obtain a judgment for the overpayment of the taxes on his part in 1947 to 1949 in view of the jury's findings that no partnership had existed in their answers to the special interrogatories submitted to them in the suit of O. E. Taxeraas and wife against the United States. The Court, on motion of the Government, denied the right to amend the pleadings.

After final judgment had been entered in the litigation above related, Carl Taxeraas filed new claims for refunds for the entire portion of the partnership income tax paid by him during the years in question. Thereafter, this suit was brought by Carl Taxeraas and his wife, alleging that it had been determined in the O. E. Taxeraas litigation that no partnership existed between Carl Taxeraas and his father; that the Commissioner had collected taxes from him during the years 1947 to 1949, inclusive, on the basis that he was a partner and that such amount remained due plaintiffs from the Government. The Government pleads the statute of limitations, which admittedly bars plaintiffs' claim for refund. However, plaintiffs contend that they come within the terms of Section 1311 of the Internal Revenue Code of 1954 and assert that, upon the admitted facts herein, that section mitigates the effect of the statute of limitations. For convenience, Carl Taxeraas will be hereafter referred to as the plaintiff herein.

The original statute enacted by Congress was Section 820 of the Revenue Act of 1938. This section subsequently became Section 3801 of the 1939 Internal Revenue Code, and then became Sections 1311–1315 of the 1954 Internal Revenue Code. The general purpose of these sections apparently was to prevent either taxpayers or revenue officials from taking refuge behind the statute of limitations after having maintained a prior inconsistent position and where the shelter of the statute would result in an unfair benefit to such taxpayer or revenue official. See Statement of Committee on Finance of Senate, S.Rep. No. 1567, 75th Cong., 3d Sess., pp. 49–50 (1938). That is, the legislation sought to make the statute of limitations unavailable to one who had taken a position diametrically opposed to that which he maintained prior to the running of the statute. But notwithstanding the remedial purposes of those statutes, their application must be limited to the situations which fairly come within their ambit and intent. Relief under all the circumstances and conditions which may smack of some inconsistencies in the position of the taxpayer or Commissioner are not always amenable to the limited situation which the statutes encompass. See Holland, Tax Consequences of Inconsistent Positions—Review of Section 3801, Tenth Annual N.Y.U. Institute on Federal Taxation (1952), 807, 809.

The pertinent portion of the statutes on which plaintiff relies are as follows:

"§ 1311. Correction of error.

"(a) *General Rule.*—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

"(b) *Conditions necessary for adjustment.*—

"(1) *Maintenance of an inconsistent position.*—Except in cases described in paragraphs (3) (B) and (4) of section 1312, an adjustment shall be made under this part only if—

"(A) in case the amount of the adjustment would be credited or refunded in the same manner as an overpayment under section 1314, there is adopted in the determination a position maintained by the Secretary or his delegate,

\* \* \* \* \* \*

and the position maintained by the Secretary or his delegate in the case described in subparagraph (A) \* \* \* is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be.

\* \* \* \* \* \*

"(3) *Existence of relationship.*— In case the amount of the adjustment would be assessed and collected in the same manner as a deficiency (except for cases described in section 1312(3) (B), the adjustment shall not be made with respect to a related taxpayer unless he stands in such relationship to the taxpayer at the time the latter first maintains the inconsistent position in a return, claim for refund, or petition (or amended petition) to the Tax Court of the United States for the taxable year with respect to which the determination is made, or if such position is not so maintained, then at the time of the determination." 26 U.S.C.A.1952 ed., Supp. II, Sec. 1311.

"§ 1312. Circumstances of adjustment.

"The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

\* \* \* \* \* \*

"(3) *Double exclusion of an item of gross income.*—

"(A) *Items included in income.*— The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year, or from the gross income of a related taxpayer; or \* \* \*." 26 U.S.C. 1952 ed., Supp. II, Sec. 1312.

"§ 1313. Definitions.

"(a) *Determination.*—For purposes of this part, the term 'determination' means—

"(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final;

\* \* \* \* \* \*

"(c) *Related taxpayer.*—For purposes of this part, the term 'related taxpayer' means a taxpayer who, with the taxpayer with respect to whom a determination is made, stood, in the taxable year with respect to which the erroneous inclusion, omission, allowance, or disallowance was made, in one of the following relationships:

\* \* \* \* \* \*

"(6) partner, \* \* \*."

"§ 1314. Amount and method of adjustment.

\* \* \* \* \* \*

"(b) *Method of adjustment.*—The adjustment authorized in section 1311(a) shall be made by assessing and collecting, or refunding or crediting, the amount thereof in the same manner as if it were a deficiency determined by the Secretary or his delegate with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year or years with respect to which an amount is ascertained under subsection (a), and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years. \* \* \*" 26 U.S.C.1952 ed., Supp. II, Sec. 1314.

Plaintiff contends that he squarely comes within the purview of these reme-

dial statutes. It is Section 1312(3) (A) to which he looks for relief. First, he contends there has been a determination by the judgment in the Ole Taxeraas case that there was no partnership between father and son, and hence such determination requires exclusion from his (Carl's) gross income of the item of partnership receipts with respect to which he paid taxes for the years in question and which share of the partnership receipts was erroneously excluded from the gross income of his father, an alleged related taxpayer. He urges that the position of the Government in the Ole Taxeraas case in determining that no partnership existed is inconsistent with the Government's treatment in allocating a certain percentage of the partnership income during 1947, 1948 and 1949 to his income and as to which he, in accordance with the compromise embodied in Form 870, paid the Government the taxes which are in issue here. The Government, on the other hand, urges that it was Ole and Carl Taxeraas who first urged upon the Commissioner that they were partners, and that that relationship was asserted in order to obtain the compromise settlement of Ole Taxeraas' tax deficiency, which settlement resulted in the agreement between the parties and the Government. The Government, therefore, contends that it is the plaintiff who now seeks to maintain an inconsistent position by asserting that the representations made to the Government as to the existence of a partnership between him and his father in order to compromise Ole Taxeraas' tax delinquency was a mere sham and that the alleged partnership was a fictitious relationship advanced in order to effect a favorable settlement with the Government. The Government asserts that the alleged inconsistent position of the Commissioner, if any, was brought on by the plaintiff himself.

The Government contends, therefore, that Sections 1311–1315 of the 1954 Internal Revenue Code were "never intended to cover a situation where, in order to conceal the truth, one person reports income which he and the other party know belongs to the other party and should have been reported by that other party." Hecht v. Commissioner, 16 T.C. 981, 986.

Without attempting to determine definitely whether the inconsistencies relied upon stem from plaintiff's own conduct and hence he should not be afforded the shelter contemplated by the statutes upon which he relies, there seems to be at least one condition of the ameliorating statute with which plaintiff cannot comply; that is, plaintiff never was a *related* taxpayer with respect to Ole Taxeraas, in whose litigation the determination was made, because, forsooth, plaintiff cannot play fast and loose with the Government with reference to his status as a taxpayer. That is, plaintiff contends that he has certain rights under the statutes because the Government maintained as to Ole Taxeraas a position inconsistent with that which it maintained with regard to him. However, he asserts on one hand he never was a partner with Ole Taxeraas and hence is entitled to a tax refund, and on the other hand he contends that he did sustain the relationship of a partner in 1947, 1948 and 1949, which continued until the time of the judgment in the Ole Taxeraas suit. Such a position is wholly untenable when there never was a partnership relationship such as the statute contemplates. Plaintiff cannot assert the wholly inconsistent position that a partnership did exist, and on the other hand that it did not exist, when the bald facts are that not only has it been judicially determined that no partnership existed, but plaintiff now is necessarily forced in this proceeding to take the affirmative position that the asserted partnership when the compromise was entered into was a mere pretense. Indeed, the very determination upon which plaintiff relies is that the plaintiff and Ole Taxeraas were not related as the statute contemplates.

■■ Plaintiff cites and relies upon United States v. Rosenberger, 8 Cir., 235 F.2d 69, 73, wherein the court in referring to Sections 1311 et seq. stated that

the basic principle of the mediation statute was

"'to provide a fair and workable formula under which taxpayers and the Government would be given relief from the unfair and unjust results occasioned by corrections, by final determinations, of errors of either the taxpayer or the Commissioner of Internal Revenue, or both, in connection with proper treatment of items affecting taxable income and tax liability in more than one year.' Gooch Milling & Elevator Co. v. United States, 78 F.Supp. 94, 100, 111 Ct.Cl. 576."

But in considering the adaptability of the statutes in question to the tax situation with reference to Ole and Carl Taxeraas, one cannot be unmindful that the statute of limitations now has barred any right of the Government to recover the $8,-123.34 from Ole Taxeraas, which deficiency was brought about by reason of the partnership pretense that was asserted when the compromise agreement was entered into. Any error made by the Commissioner with reference to the taxpayer income of these parties was made at their instance rather than his. Moreover, the Government has continued to recognize plaintiff tax-wise in the situation which he himself advanced. There has been no inconsistent position taken by the Government with reference to this plaintiff, nor with anyone with respect to whom he stands in a *related* position. Plaintiff asserts that the determination in the Ole Taxeraas suit did not determine that the partnership was void ab initio. That, of course, is true, but on the other hand the determination did not breath life into a partnership which never existed. It is difficult to believe that Congress ever intended that such a situation as admittedly exists here should afford plaintiff relief from the statute of limitations.

In view of the admitted facts, therefore, it follows that the statute of limitations bars plaintiff's claim for any tax refund set forth in his bill of complaint and the statutes in question do not afford him any relief. It is therefore ordered that the defendant is entitled to a summary judgment in its favor, together with its costs and disbursements herein.

Let judgment be entered accordingly.

An exception is allowed.