Olaf E. **TAXERAAS**, Administrator of the Estate of Carl Taxeraas and Irene Taxeraas, Appellants,

v.

**UNITED STATES of America,** Appellee.

No. 16103.

United States Court of Appeals Eighth Circuit.

July 30, 1959.

284

Robert Vaaler, Grand Forks, N. D. (Day, Stokes, Vaaler & Gillig, Grand Forks, N. D., were with him on the brief) for appellants.

Marvin W. Weinstein, Attorney, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty., Gen., Lee A. Jackson, Harry Baum and John J. Pajak, Attorneys, Department of Justice, Washington, D. C., Fallon Kelly, U. S. Atty., and Hyam Segell, Asst. U. S. Atty., St. Paul, Minn., were on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

Carl Taxeraas and his wife Irene instituted this action in the United States District Court, seeking a refund of income taxes for the years 1947, 1948 and 1949 in the total sum of $10,336.80 which they claim were erroneously paid on income which was not taxable to them. After the issues were joined, plaintiffs filed request for admissions pursuant to

Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to which the Government filed answers. In this state of the record both plaintiffs and defendant filed motions for summary judgment. The Government's motion was granted on the ground that the statute of limitations bars the claim for refund. Taxeraas v. United States, D.C.Minn., 165 F.Supp. 81. After an appeal was seasonably perfected to this court, the death of Carl Taxeraas was suggested and an order was entered substituting Olaf E. Taxeraas, Administrator of the Estate of Carl Taxeraas, as a party in place of the deceased. Notwithstanding the substitution, for convenience we shall at times refer to appellants as plaintiffs.

Since the events precipitating this litigation fully and clearly appear in the opinion of Judge Nordbye and are not in dispute, see pages 82, 83 and 84 of 165 F.Supp., another full discourse of the facts is unnecessary. In summary, the Internal Revenue Service proposed that a substantial income tax deficiency be entered against O. E. Taxeraas, father of Carl, for the years 1947, 1948 and 1949, resulting from omissions of income from the tax returns of O. E. for said years. On October 30, 1951, when the deficiency was brought to the attention of O. E., he for the first time advanced the contention that his son Carl was an equal partner in the business conducted under the name of Taxeraas Implement Company. No partnership returns had been filed by the implement company and no partnership division of the business income had been made. Carl, during this period, had filed tax returns based on salary income received from his father. After an assessment was made against Carl on the basis of the alleged partnership, with a 50% fraud penalty, there were further negotiations between O. E. and Carl on the one hand and the Internal Revenue Service on the other, which resulted in a compromise of the dispute. Under the compromise, a partnership relationship between O. E. and Carl was recognized, and deficiencies were entered on the basis of O. E. having received 65% and Carl 35% of the income from the business. The taxpayers also agreed to the payment of fraud penalties which previously had been asserted by the Commissioner. In connection with the compromise, taxpayers executed form 870 in which the additional income tax, interest and penalties were detailed, and by the terms of which the taxpayers agreed not to file or prosecute any claim for refund of the amounts, including fraud penalties, levied and assessed for the years 1947, 1948 and 1949. O. E. and Carl paid the deficiency, including fraud penalty, the last payment being made on December 14, 1953.

Thereafter, on July 28, 1954, Carl and Irene, his wife, and O. E. and his wife, filed separate suits to recover the 50% fraud penalties which they had paid for the years in question. Among other defenses the Government asserted that taxpayers were estopped from maintaining the action because of the execution of waivers in Form 870. In the O. E. Taxeraas action, the Government also asserted that there was no valid partnership between O. E. and Carl Taxeraas during the years involved, and that therefore O. E. had underpaid his taxes for those years. The District Court ruled that the taxpayers were not precluded from maintaining the actions by Form 870, but upheld the Government's defense to the extent that if a partnership did not exist and thereby additional taxes were due from O. E., such amounts could be set-off against any recovery of the fraud penalty which had been paid by O. E.

The actions were apparently consolidated and tried in June, 1955. By special verdicts the jury found that as to plaintiffs there was no fraud with intent to evade taxes for the years in question, and further found that O. E. Taxeraas and his son Carl were *not* partners in the Taxeraas Implement Company during said years. See Taxeraas et al. v. United States, 55–2 USTC, ¶ 9627, p. 55,684. As found by the District Court, the outcome of that litigation resulted in Carl recovering the amount of the fraud penalty previously paid by him with interest

thereon, and as to O. E., it was determined as the result of the jury verdict,

"that he had overpaid some $8,832.-25 in taxes by way of fraud penalties and interest, but that that amount should be wholly offset by the amount of $16,955.59 in unpaid deficiencies in his income tax for the years in question. The deficiency was based on the jury's finding that no partnership existed between the father and son. The difference between the overpayment of fraud penalties of $8,832.25 and the underpayment of $16,955.59, which totals $8,-123.34, was never collected by the Government because of the barring thereof by the statute of limitations." Taxeraas v. United States, 165 F.Supp. 81, 83.

Following the judgment in the litigation to recover the fraud penalties, Carl and his wife brought this action seeking a refund of the entire portion of the partnership income tax paid for the years 1947, 1948 and 1949. They predicated their right to the refund on the jury determination that Carl was not a partner in the Taxeraas Implement Company during those years, and that the Government had collected additional taxes from Carl and his wife on the theory that such a partnership existed. As a defense to the claim, the Government alleged that the action was barred by the statute of limitations. Plaintiffs contended they came within the terms of § 1311 of the Internal Revenue Code, which mitigates the statute of limitations. As we have seen, the trial court sustained the Government's position.

It stands conceded that plaintiffs' cause of action is barred by the statute of limitations, § 322(b) of the Internal Revenue Code of 1939; § 6511(a) of Internal Revenue Code of 1954 [26 U.S.C.A.] unless the facts bring the case within the mitigation statute, § 1311 et seq., Internal Revenue Code of 1954, 26 U.S.C.A. § 1311 et seq., which provides for suspension of the statute of limitations in certain enumerated instances. In this connection, it is insistently urged by plaintiffs that on this record the mitigation statute must control. For reasons which we shall presently state, we are not so persuaded.

The mitigation statute first appeared as Section 820 of the Revenue Act of 1938, it became Section 3801 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3801, and now appears as Sections 1311 to 1315, inclusive, of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 1311 to 1315. Section 1311(a) provides:

"*General rule.*—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the *determination,* correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), *then the effect of the error* shall be corrected by an adjustment made in the amount and in the manner specified in section 1314." (Emphasis ours.)

By Section 1312 the circumstances authorizing adjustments are enumerated. Pertinent here is Section 1312(1) and (3)(A):

" § *1312. Circumstances of adjustment.*

"The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

"(1) *Double inclusion of an item of gross income.*—The determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer.

\* \* \* \* \* \*

"*(3) Double exclusion of an item of gross income.*—

"*(A) Items included in income.*—The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which

tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year, or from the gross income of a related taxpayer; * * *."

Section 1313 defines certain terms and again we quote the applicable provisions thereof:

*"(a) Determination.*—For purposes of this part, the term 'determination' means—

"(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final;

\* \* \* \* \* \*

*"(b) Taxpayer.*—Notwithstanding section 7701(a)(14), the term 'taxpayer' means any person subject to a tax under the applicable revenue law.

*"(c) Related taxpayer.*—For purposes of this part, the term 'related taxpayer' means a taxpayer who, with the taxpayer with respect to whom a determination is made, stood, in the taxable year with respect to which the erroneous inclusion, exclusion, omission, allowance, or disallowance was made, in one of the following relationships:

"(1) husband and wife,

"(2) grantor and fiduciary,

"(3) grantor and beneficiary,

"(4) fiduciary and beneficiary, legatee, or heir,

"(5) decedent and decedent's estate,

"(6) partner, or

"(7) member of an affiliated group of corporations * * *"[1]

Plaintiff's claim for relief is founded on § 1312(3) (A). Their position is clearly demonstrated by these statements appearing in their brief pp. 21, 22:

"Since it is the position of the plaintiffs in this that the prior 'determination' requires the exclusion of an item of gross income we look to the third circumstance set forth in Section 1312, that provides as follows: * * * 'Double exclusion of an item of gross income * *.'" (Here § 1312(3)(A) appears verbatim). "* * * Referring back then to Sec. 1312(3)(A), paraphrasing the language of that statute it becomes clear that the judgment of the United States District Court for the District of Minnesota, Sixth Division, Civil No. 1114, dated March 12, 1956, (Taxeraas v. U. S., 48 AFTR 1846, 55–2 USTC, p. 9627) requires exclusion from gross income of these plaintiffs of the partnership income of the Taxeraas Implement Company for the years involved (not included in the return filed by the taxpayer), but with respect to which the tax was paid and which was erroneously excluded or omitted (not from the gross income of the taxpayer for another year) but from the gross income of a related taxpayer."

■ Analysis of § 1312(3)(A) convinces us that plaintiffs' reliance thereon is misplaced. It will be seen that this subsection, by its terms, describes the circumstance authorizing an adjustment as one in which the determination requires the *exclusion* from the gross income of the taxpayer of an item which was erroneously excluded or omitted from the gross income of the taxpayer for another year or from the income of a related taxpayer. Unquestionably this subsection is designed to allow the Government to assess and collect appropriate additional taxes, thereby correcting errors arising from the determination, notwithstanding the fact that the period of limitation on assessment and collec-

[1] Before passage of the original § 820, the House deleted certain additional categories of "related taxpayers" proposed by the Senate, namely, assignor-assignee, donor-donee, lessor-lessee, and claimants to ownership of the same property. See Conference Committee Report, Mertens Law of Federal Income Taxation, Vol. 2, § 1403, p. 12.

tion has expired. In short, § 1312(3)(A) operates in favor of the Government and not the taxpayer or a related taxpayer, and although such a holding does not explicitly appear in opinions dealing with the mitigation statute, it is apparent that the courts have, by implication, so treated § 1312(3)(A), particularly in cases where the courts were considering the right of the Government to levy and collect additional taxes. See Katharine C. Ketcham, 2 T.C. 159, affirmed Ketcham v. Commissioner of Internal Revenue, 2 Cir., 142 F.2d 996; Heer-Andres Investment Co., 22 T.C. 385; Cory v. Commissioner of Internal Revenue, 2 Cir., 261 F.2d 702, appeal pending; Eleanor B. Burton, 1 T.C. 1198; Estate of A. W. SoRelle, 31 T.C. 272. Writers on the subject maintain this view. See Holland, "Tax Consequences of Inconsistent Positions—A Review of Section 3801," 10 Institute on Federal Taxation, p. 807 at p. 815; Goetten, "3801 Brought up to Date," 13 Institute on Federal Taxation, p. 1119 at p. 1128; Mertens, Law of Federal Income Taxation, Vol. 2, § 14.04, pp. 22–23.

Convinced as we are that § 1312(3)(A) can have no application in this situation, where a refund by a taxpayer is the object of the proceeding, we have nonetheless gratuitously pursued the matter further for a determination of the basic question, i. e. are plaintiffs entitled, by virtue of an applicable statute, to refund of the amount claimed to have been improperly collected, the statute of limitations to the contrary notwithstanding? Their reliance on an improper section of the mitigating statute should not militate against their substantive rights, if any they have.

In this connection, we consider § 1312(1), describing one of the circumstances under which an adjustment is authorized:

"(1) *Double inclusion of an item of gross income.*—The determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer."

█ The very terms of the foregoing section demonstrate that it, and not § 1312(3)(A), is designed to give *taxpayers* relief, and in order to prevail, plaintiffs here must bring themselves within its terms. See and compare, Gooch Milling & Elevator Co. v. United States, 78 F.Supp. 94, 111 Ct.Cl. 576; H. T. Hackney Co. v. United States, 78 F.Supp. 101, 111 Ct.Cl. 664; Hagan v. United States, 9 Cir., 239 F.2d 141; Central Hanover Bank & Trust Co. v. United States, 2 Cir., 163 F.2d 60; United States v. Dubuque Packing Company, 8 Cir., 233 F.2d 453; M. Fine & Sons Manufacturing Co. v. United States, Ct.Cl., 168 F.Supp. 769.

█ The determination upon which plaintiffs must rely is the judgment in the case of O. E. Taxeraas and Minnie S. Taxeraas v. United States, decided June 30, 1955 (55–2 U.S.T.C. ¶ 9627), establishing that no partnership existed between O. E., the father, and Carl, the son, during 1947, 1948 and 1949. As applied to § 1312(1), this determination requires the inclusion in the gross income of O. E. Taxeraas (the taxpayer) of an item which was erroneously included in the gross income of a related taxpayer. Thus, as plaintiffs state in their brief, "(w)hether or not the plaintiffs are related taxpayers under the fact situation presented in this case is determinative of this litigation." Plaintiffs claim to be related taxpayers within the meaning of § 1313(c)(6) [partners]. This question was, for the purpose of this case, settled and put to rest by the very determination that no partnership relationship existed between O. E. Taxeraas and Carl Taxeraas during the taxable years under consideration. Plaintiffs are faced with a dilemma which probably accounts for the inconsistent position in which they find themselves. On the one hand they must and do assert that Carl was *not* a partner of O. E., to support the claim that their payment of taxes on 35% of the income of the business was erroneous. On the other hand, and for the obvious purpose

of establishing that they are related taxpayers, they must and do urge that Carl *was* a partner with his father during 1947, 1948 and 1949. Apparently recognizing their plight, plaintiffs argue that "(t)he verdict of the jury in the first action (Taxeraas v. United States, supra) did not void the partnership *ab initio.* * * * There is no evidence that this partnership is not a valid partnership under the state laws of Minnesota and it is clear that members of a family partnership not recognized for federal tax purposes are 'related taxpayers' if the partnership is valid under the local law. I.T. 3986, 1949–2 C.B. 108."

The fatal weakness of this contention results from a complete absence of any showing that a valid partnership, as recognized by local law, existed between O. E. and Carl. We would not be justified in striking down the judicial determination upon the unsupported statement appearing in plaintiffs' brief.

 We are mindful that the ultimate purpose of the mitigation statute is "to provide a fair and workable formula under which taxpayers and the Government would be given relief from the unfair and unjust results occasioned by corrections, by final determinations, of errors of either the taxpayer or the Commissioner of Internal Revenue, or both, in connection with proper treatment of items affecting taxable income and tax liability in more than one year," Gooch Milling & Elevator Co. v. United States, 78 F.Supp. 94, 100, 111 Ct.Cl. 576, and that the statute should not be so strictly or narrowly interpreted that its purpose is defeated, United States v. Rosenberger, 8 Cir., 235 F.2d 69, 73. And cf. Lovering v. United States, D.C. Mass., 49 F.Supp. 1. But since the act is in effect an exception to the statute of limitations, under certain circumstances only, and Congress intended to "preserve unimpaired the essential function of the statute of limitations,"[2] one claiming the benefits thereof must assume the burden of proving the existence of the prerequisites to its applicability. United States v. Rosenberger, 8 Cir., 235 F.2d 69, 73; Heer-Andres Investment Co., 22 T.C. 385, 389; D. A. MacDonald, 17 T.C. 934, 940; James Brennen, 20 T.C. 495, 499; Sherover v. United States, D.C. N.Y., 137 F.Supp. 778, 780, affirmed 2 Cir., 239 F.2d 766. Plaintiffs have failed to show that Carl was a related taxpayer within the meaning of § 1313(c); therefore § 1312(1) can have no application here, and accordingly the judgment is

Affirmed.

2. Finance Committee Rep. No. 1567, 75th Cong., 3rd Sess., p. 48, quoted in Mertens Law of Federal Income Taxation, Vol. 2, § 14.02, p. 8. See and compare, Sam D. Hecht, 16 T.C. 981; Amelia J. Taylor, 27 T.C. 361, affirmed Taylor v. Commissioner of Internal Revenue,

2 Cir., 258 F.2d 89; Hagan v. United States, 9 Cir., 239 F.2d 141; Central Hanover Bank & Trust Co. v. United States, 2 Cir., 163 F.2d 60; Sherover v. United States, D.C.N.Y., 137 F.Supp. 778, affirmed 2 Cir., 239 F.2d 766.