**Carl H. ROOT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17011.**

United States Court of Appeals
Ninth Circuit.

Aug. 9, 1961.

Carl H. Root in pro. per.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Norman H. Wolfe, Fred E. Youngman, Attys., Dept. of Justice, Washington, D. C., and Laurence E. Dayton, U. S. Atty., and Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and FOLEY, District Judge.

FOLEY, District Judge.

This is an appeal from a summary judgment entered June 21, 1960, on motion of the defendant whereby it was "ordered, adjudged and decreed that plaintiff take nothing and that the action be, and is hereby, dismissed on the merits, each party to bear its own costs."

The subject matter of this controversy is disclosed by appellant's response to requests for admissions as follows:

"To: Defendant United States of America.

"This document is made out to approve of the various Exhibits requested to comply with rule 36 of the Federal rules of Civil Procedure [28 U.S.C.A.]."

In Paragraphs 1 to 6, inclusive, of appellant's response to request for admissions, appellant admits that Exhibits A, B, C, D, E and F, attached to the re-

quest for admissions, are true, correct and complete copies of claims for refund for the calendar years 1951, 1952, 1953, 1954, 1955, and 1956. The remaining paragraphs of the admissions are:

"7. I agree that the originals of exhibits A through F, inclusive, were filed with the District Director of Internal Revenue, Detroit, Michigan, on May 13, 1957.

"8. I agree that my federal income tax return for the calendar year 1957 was filed on or after February 28, 1958.

"9. I agree that the $5,000 theft loss alleged in Exhibits A through F attached to request for admissions is based upon the following:

"a. On October 2, 1950, I sold my interest in a motel located near Detroit, Michigan, to a party named Gonek, the purchase price of $35,-000 being represented by seven unsecured promissory notes of $5,000 each signed by the said Gonek. The first of these notes was due on October 2, 1951, and the remainder due on October 2 of each successive year thereafter.

"b. I agree with b. That within one month after the first note became due and was not paid, I discovered that Gonek had sold the motel to another person and had left the Detroit area, and that I had lost any and all interest in the motel.

"c. After investigating, I determined that Gonek's promissory notes were worthless and uncollectible.

"d. I agree that the $5,000 a year theft loss claimed for the years 1951 through 1957, inclusive, is based upon the fact that in each of those years one of Gonek's promissory notes became due and was not paid.

"10. I agree that I claimed and/or were allowed a deduction for a non-business bad debt of $1,000 on my federal income tax returns for 1951, 1952, 1953, 1954, 1955, 1956 and 1957 by reason of the non-payment of Gonek's promissory notes."

Applicable portions of § 23 of the Internal Revenue Code of 1939, 26 U.S. C.A., are:

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

*     *     *     *     *

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— * * *.

"(3) of property not connected with the trade or business, if the loss arises from * * * theft."

It does not appear from the record that appellant made or claimed deductions for theft loss in his computation of net income in any of his income tax returns for the years 1951 through 1956. After having been allowed a $1,000 deduction for non-business bad debt on his federal income tax returns for each of the years 1951 through 1957, appellant, on May 13, 1957, filed claims requesting refund of a part of his income taxes paid for the years 1951 through 1956 on the ground that he was entitled to a theft loss deduction of $5,000 as each of Gonek's $5,000 notes matured and was not paid. The claimed theft loss was discovered in 1951 when appellant found that he had been deprived of any interest in the motel without payment. Here the Government does not insist as it did in Alison v. United States, 344 U.S. 167, 73 S.Ct. 191, 97 L.Ed. 186, that the alleged theft loss should have been taken as a deduction in the year in which it occurred though discovered afterward, but contends that plaintiff's claims for refund, filed May 13, 1957, years after the time that appellant admits he discovered that he had lost all of his interest in the motel, were untimely and cannot support this action.

Appellant's claims for refund, the originals of Exhibits A to F attached to request for admissions, having been filed on May 13, 1957, more than three years after he could have claimed his theft loss deduction on his 1951 return which

**486**

was due March 15, 1952, were not filed within the period of time prescribed by 26 U.S.C.A. § 322, Internal Revenue Code 1939. Said section and subsequent amendments thereto provide that a claim for refund must be filed within three years from the time the return was filed or within two years from the time the tax was paid. In Hagan v. United States, 9 Cir., 239 F.2d 141, 143, this Court stated:

"Under the Internal Revenue Code of 1939, which is applicable here, a claim for refund must be filed within three years from the time the return was filed, or within two years from the time the tax was paid. The claims for refund filed on September 6, 1952, with respect to returns filed and taxes paid on March 15, 1946, and March 15, 1947, were therefore barred by this statute of limitations."

Appellant's claims for refund not having been filed within the period of statutory limitation are not and cannot be considered as claims for refund duly filed "according to the provisions of law in that regard," and, therefore, by reason of the provisions of § 7422 of the Internal Revenue Code of 1954, 26 U.S.C.A., this action cannot be maintained.[1]

While it is unnecessary for decision here to consider a supposed contention of appellant that the non-payment of the $35,000 purchase price for the motel is a business bad debt, in view of the fact that appellant prosecuted and appeared throughout these proceedings without the aid of counsel, it may be well to point out that such contention has no merit for the reason that such claim was not set forth in a timely filed claim for refund.

"[1] It is of course the law that a suit for refund of taxes must be based on a claim previously filed with the Commissioner, and that the claim must set forth in detail each ground on which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Rogan v. Ferry, 9 Cir., 154 F.2d 974, 976.

The judgment of the District Court is affirmed.

1. "§ 7422. Civil Actions For Refund
  "(a) No Suit Prior To Filing Claim For Refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.